946 F.2d 895
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Nancy Ann KELLY, and Gerald F. Kelly, Individually and as
husband and wife, Plaintiffs-Appellants,
v.
CITY OF STERLING HEIGHTS, City of Sterling Heights Police
Department, Allan Nalepa, Individually and as
Chief of Police of Sterling Heights
Police Department, Defendants-Appellees.
 No. 90-1895.
 United States Court of Appeals, Sixth Circuit.
 Oct. 16, 1991.
 
 Before MILBURN and SUHRHEINRICH, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Nancy Ann Kelly and her husband, Gerald, appeal the dismissal of their amended complaint against the City of Sterling Heights, its police department, and certain city officials. The district court granted the motion to dismiss of defendants, the City; its Police Department; Allan Nalepa, alleged to be its Chief of Police; and Tommy Burtwell, a police officer, for failure to state a claim upon which relief may be granted under Fed.R.Civ.P. 12(b)(6).[1] This is essentially a 42 U.S.C. § 1983 action against the City growing out of an alleged sexual assault upon Mrs. Kelly by Officer Shepherd, who allegedly acted under color of state law. We assume jurisdiction because a decision on the merits of the appeal will dispose of the causes of action against the City, and its officials arising out of Shepherd's alleged "outrageous" unconstitutional actions. (The notice of appeal reflects Nancy Ann and Gerald Kelly, plaintiffs v. The City of Sterling Heights, et al, defendants, in the heading; no further reference is made therein to any specific individual defendant except a copy is indicated to the attorneys for defendant/counter-defendant Shepherd).
 
 
 2
 The district court described the amended complaint which it held stated no cognizable claim for relief:
 
 
 3
 The plaintiffs' five-count amended complaint alleges the following: (1) that defendants, by assisting the defendant Shepherd (hereafter Shepherd) in obtaining the plaintiffs' home address and telephone number, deprived the plaintiffs of their constitutional right of privacy in violation of 42 U.S.C. § 1983; (2) that defendants maintained a custom, policy or practice that allowed Shepherd, by coercing the plaintiff Nancy Kelly into engaging in sex, to violate her rights under the equal protection and substantive due process components of the fourteenth amendment; (3) that the defendants conspired to violate the plaintiffs' civil rights in contravention of 42 U.S.C. § 1985(3); (4) that the defendants' conduct violated the Racketeering Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962; and (5) that the defendants breached a common law fiduciary duty owed to the plaintiffs.
 
 
 4
 On March 26, 1986, Shepherd, a police officer in the City of Sterling Heights, allegedly sexually assaulted plaintiff Nancy Ann Kelly. Shepherd was off duty and out of uniform at the time of the alleged attack, but he did use the Law Enforcement Information Network (LEIN) computer system to obtain the plaintiffs' address.
 
 
 5
 LEIN is a computer system which supplies information from police files, FBI records, and Michigan Motor Vehicle records to law enforcement officials. The system is to be used for criminal justice purposes only. On the occasion in question, however, Shepherd used LEIN information for non-official purposes to obtain the Kellys' address and telephone number.
 
 
 6
 After considering the alleged constitutional privacy claim, the district court concluded that:
 
 
 7
 [I]nformation contained on an individual's vehicle registration application, including a residential address, is not, in the Court's opinion, of the character entitled to constitutional protection. This is particularly so given the public nature, under Michigan law, of this information.
 
 
 8
 We find no error in the district court's conclusion in this respect. A privacy interest is not constitutionally protected unless it relates to sensitive, personal, and private information which warrants confidentiality. See Slayton v. Willingham, 726 F.2d 631, 635 (10th Cir.1984); Fadjo v. Cood, 633 F.2d 1172, 1175 (5th Cir.1981); McNally v. Pulitzer Pub. Co., 532 F.2d 69, 76-77 (8th Cir.), cert. denied, 429 U.S. 855 (1976). To state a proper claim for violation of privacy rights, a plaintiff must show a legitimate expectation of privacy which outweighs the public need for the disclosure. Nixon v. Administrator of Gen. Serv., 433 U.S. 425, 465-66 (1977); Slayton, 726 F.2d at 635.
 
 
 9
 Where the information disclosed is already public, there is no valid expectation of privacy because privacy interests diminish when the material involved is publicly available. Cox Broadcasting Corp. v. Cohn, 420 U.S. 469, 494-95 (1975); McNally, 532 F.2d at 77. In Michigan the name and address of the record owner of a vehicle is available to the public for legitimate purposes. The plaintiffs, therefore, had no expectation of privacy with regard to this information under the facts asserted in the complaint.
 
 
 10
 Essentially, plaintiffs' claims against the City and its officials (other than Shepherd who is not before us on this appeal) relate to the method of disclosure of the information in which plaintiffs had no reasonable expectation of privacy. The purposes of 42 U.S.C. § 1983 are not to create "a font of tort law to be superimposed upon whatever systems may be already administered by the states." Paul v. Davis, 424 U.S. 693, 701, reh'g denied, 425 U.S. 693 (1976).
 
 
 11
 The district court also concluded that Shepherd was not acting under color of state law, assuming the truth of the allegations that he coerced Mrs. Kelly into engaging in sexual acts with him. The only aspect of Shepherd's alleged conduct that pertained to color of state law was his misuse of a City computer system that gave him information available through other public sources and means. The district court made a careful analysis of the remaining constitutional claims, the RICO claim, and the fiduciary duty claim. For the reasons stated by Judge Harvey, we AFFIRM the dismissal as to these latter claims.
 
 
 12
 We need not speculate as to the effect of the Michigan state court's decision relating to the immunity, if any, of defendants other than Shepherd, in respect to plaintiffs' state case arising out of the same episode.
 
 
 13
 We accordingly AFFIRM the decision of the district court and hold that plaintiffs' claims against the City, its police department, and other officials (not including Shepherd) were properly dismissed.
 
 
 
 [1]
 The amended complaint also named, as defendants, Kathleen Sandnig and Elizabeth Bailey, police dispatchers, and Rand Darrell Shepherd, a police officer who allegedly committed the offense on the person of Nancy Ann Kelly. The record reflects no further action in respect to defendants Sandnig and Bailey. Since the order of dismissal does not mention these police dispatcher defendants, there may be some question as to whether the appeal was ripe. We were advised in oral argument that plaintiffs had obtained a state judgment on the same or a similar cause of action against defendant Shepherd, and dismissed their claim as to him in the district court